625 F.2d 184
 MISSOURI PACIFIC RAILROAD COMPANY, Petitioner,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents.
SOO LINE RAILROAD COMPANY, Petitioner,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents.
 Nos. 79-1256, 79-1667.
 United States Court of Appeals, Eighth Circuit.
 June 17, 1980.
 
 1
 Petitions for Review of Orders of the Interstate Commerce Commission.ORDER
 
 
 2
 The Court, having considered petitions of respondent, Interstate Commerce Commission, for rehearing and suggestions for rehearing en banc and being now fully advised in the premises, hereby orders the petitions for rehearing and suggestions for rehearing en banc denied. 8 Cir., 625 F.2d 178; 8 Cir., 625 F.2d 183.
 
 
 3
 Chief Judge LAY and Judge HEANEY would grant the rehearing en banc and dissent from the order of denial with the following comment:
 
 
 4
 We would vote to grant rehearing en banc in the above entitled matter. Although we are in accord with the panel's remand to require the Commission to consider opportunity cost as a factor in determining whether public convenience and necessity require abandonment, we cannot endorse the remainder of the panel opinion.
 
 
 5
 In light of the remand it is not necessary for the court to pass upon the question of whether the Commission erred in relying on book value rather than replacement value in computation of avoidable cost. We think the panel's reliance upon Chicago & North Western Transportation Co. v. United States, 582 F.2d 1043, 1049-50 (7th Cir.), cert. denied, 439 U.S. 1039, 99 S.Ct. 641, 58 L.Ed.2d 698 (1978), is misplaced. In that case the court considered the term, 'avoidable cost,' under section 1a(6)(a)(ii)(A) & (7) (now section 10905) for the purpose of determining adequacy of subsidy offers, and did not comment on avoidable cost in the context of the merits of an abandonment request. Section 10903, applicable here, does not refer to avoidable cost nor current cost. In denying MoPac's request to abandon the Rock House line, the Commission did not discuss the use of book value or replacement value in calculating avoidable costs. The court decides this issue without benefit of Commission investigation and decision on whether public convenience and necessity require use of book value or replacement value under section 10903.
 
 
 6
 The Commission has notified this court that it is currently conducting a rule-making proceeding, Ex Parte No. 274 (Sub-Nos. 2), Abandonment of Railroad Lines and Discontinuance of Service, (notice published at 43 Fed.Reg. 41245 on September 15, 1978), to consider whether to amend its abandonment regulations, (found at 49 C.F.R. 1121 et seq.), to treat calculation of avoidable costs for the merits of an abandonment application separately from calculation of avoidable costs for subsidy purposes.
 
 
 7
 In a letter from counsel to the court dated May 12, 1980, the Commission indicates it has sought comments from all interested persons. The Commission's attorney writes:
 
 
 8
 Several groups submitted comments, including the Departments of Transportation of the States of Wisconsin and New York, the Association of American Railroads (AAR), Milwaukee Railroad, Transkentucky Transportation Railroad Co. and the Fertilizer Institute.
 
 
 9
 The Commission published another Notice of Proposed Rulemaking (44 Fed.Reg. 37243) on July 26, 1979. The second Notice asked for comments on revised new regulations. The United States Department of Transportation and the Departments of Transportation of the States of New Jersey, Minnesota, and South Dakota, as well as AAR, Consolidated Rail Corporation, the Environmental Defense Fund and the Southern Electric System responded. Several parties raised the issue of using replacement cost accounting for calculating costs for both subsidy purposes (after the issue of abandonment has been decided) and for purposes of determining the merits of abandonment applications. AAR and Southern Electric System, for example, favor use of replacement cost accounting while the South Dakota Department of Transportation opposes it.
 
 
 10
 The Commission expects to discuss the replacement cost accounting issue in its upcoming report which will accompany revised regulations.
 
 
 11
 It seems to us that the Commission's procedure is the best and wisest course to determine such important policy questions. The Commission's rulemaking procedure allows evidentiary comment from many sources, and in effect, constitutes a quasi-legislative forum which is best to develop policy. This court should not tie the Commission's hands, particularly when it is not necessary to the decision at hand.
 
 
 12
 We therefore dissent from the denial of the rehearing en banc.